**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYRONE G. BARKLEY,<br><br>             Plaintiff,<br><br>v.<br><br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>             Defendant. | Civil Action No.: 2:16-cv-638 (CCC)<br><br><br><br>**OPINION** |

**CECCHI, District Judge.**

### I.      INTRODUCTION

Before the Court is Plaintiff Tyrone G. Barkley's ("Plaintiff") appeal seeking review of a final determination by the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability benefits ("DIB") and supplemental social security income ("SSI") under §§ 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act ("SSA"). The issue to be decided is whether the Commissioner's denial of benefits is supported by substantial evidence. For the reasons set forth below, the decision of the Administrative Law Judge ("ALJ") is affirmed in part, vacated in part, and the matter is remanded for further proceedings consistent with this Opinion.

### II.     BACKGROUND

#### A.      Procedural Background

Plaintiff applied for DIB and SSI in October 2011, alleging disability as of December 28,

2010. Tr.[1] at 14.  The applications were denied initially on May 29, 2012, and upon reconsideration on December 12, 2012.  *Id.*  A hearing was held before ALJ Michal L. Lissek on December 18, 2013, and a supplemental hearing was held on May 7, 2014.  *Id.*  ALJ Lissek issued a decision on July 22, 2014, finding Plaintiff was not disabled, as defined by the SSA.  *Id.* at 22 (citing 20 C.F.R. §§ 404.1520(f), 416.920(f)).  Plaintiff requested review of the decision and the Appeals Council denied the request on December 2, 2015.  Tr. at 1.  On February 5, 2016, Plaintiff instituted this action.  ECF No. 1.

### B.    Factual Background

Plaintiff was born on February 18, 1957.  Tr. at 63.  Plaintiff has a tenth-grade education, completed his GED, *id.* at 52, and has work experience in construction and at a plumbing store. *Id.* at 52-54.  Plaintiff currently lives with his girlfriend, *id.* at 51-52, who helps him with personal needs such as bathing, dressing, cooking, doing chores, and grocery shopping.  *Id.* at 60-61. Plaintiff testified that on a typical day he naps and watches television.  *Id.*

Plaintiff sustained a gunshot wound to his left buttock in December 2010, which resulted in a comminuted fracture of the left iliac wing (pelvis) and bullet holes in the small intestine which required resection.  *Id.* at 18-19.  A follow-up report in June 2011 stated Plaintiff was well-healed and "RT work."  *Id.* at 19.  Since this incident, Plaintiff visited a hospital emergency room in October 2012 for acute abdominal pain, which was determined to be nonspecific.  *Id.*  Plaintiff alleges that due to the gunshot wound, he suffers from low back and left hip to knee pain.  *Id.*

In April 2012, consultative examiner Dr. Justin Fernando determined Plaintiff's gait and station were normal, he was able to walk on his toes and heels and fully squat without difficulty, he had full range of motion in the cervical and lumbosacral aspects of the spine and no restriction

---

[1] "Tr." refers to the certified record of the administrative proceedings.  ECF No. 6.

in mobility in his hips, ankles and knees bilaterally. *Id.* Dr. Fernando also reported straight leg raising was to sixty degrees bilaterally. *Id.*

In August 2012, independent physical examiner, Dr. Foye determined Plaintiff had full range of motion of the lumbosacral spine and no spinal tenderness, despite complaints of pain. *Id.* Dr. Foye found Plaintiff's range of motion of the cervical spine was normal, there was no evidence of muscle atrophy in the extremities, and muscle strength was mostly normal. *Id.* Despite these findings, Dr. Foye concluded Plaintiff had a restrictive functioning capacity, stating Plaintiff could only walk two hours a day, and could not carry more than ten pounds. *Id.* at 21.

In May 2012, Plaintiff underwent a psychological evaluation with Dr. Steven Yalkowsky. *Id.* at 477. Dr. Yalkowsky indicated Plaintiff was taking Xanax as of the date of the evaluation to address mental health issues, a prescription which was written by his primary care physician. *Id.* Dr. Yalkowsky concluded that while Plaintiff did have a previous diagnosis of anxiety disorder for which he was taking medication, "it is believed Mr. Barkley is experiencing little in the way of impact to his daily function that may be attributed to mental health issues." *Id.* at 479.

## III.   LEGAL STANDARD

### A.   Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Court is not "permitted to re-weigh the evidence or impose [its] own factual determinations," but must give deference to the administrative findings. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *see also* 42 U.S.C. § 405(g). Nevertheless, the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and supported by substantial evidence. *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978) (citations omitted). Substantial evidence is more than a mere scintilla, and is "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Chandler*, 667 F.3d at 359 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If the factual record is adequately developed, substantial evidence "may be 'something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Daniels v. Astrue*, No. 4:08-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). In other words, under this deferential standard of review, the Court may not set aside the ALJ's decision merely because it would have come to a different conclusion. *Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x 475, 479 (3d Cir. 2007) (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)).

### B.    Determining Disability

Pursuant to the SSA, in order to be eligible for benefits, a plaintiff must show he is disabled by demonstrating an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Taking into account the plaintiff's age, education, and work experience, disability will be evaluated by the plaintiff's ability to engage in his previous work or any other form of substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). A person is disabled for these purposes only if his physical or mental impairments are "of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 1382c(a)(3)(B).

Decisions regarding disability will be made individually and will be "based on evidence

adduced at a hearing." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000) (citing *Heckler v. Campbell*, 461 U.S. 458, 467 (1983)). Congress has established the type of evidence necessary to prove the existence of a disabling impairment by defining a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(a)(3)(D).

### C.   Sequential Evaluation Process

The Social Security Administration follows a five-step, sequential evaluation to determine whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the plaintiff is currently engaged in gainful activity. *Sykes*, 228 F.3d at 262. Second, if he is not, the ALJ determines whether the Plaintiff has an impairment that limits his ability to work. Id. Third, if he has such an impairment, the ALJ considers the medical evidence to determine whether the impairment is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). If it is, this results in a presumption of disability. Id. If the impairment is not in the Listings, the ALJ must determine how much residual functional capacity ("RFC") the applicant retains in spite of his impairment. *Id.* at 263. Fourth, the ALJ must consider whether the plaintiff's RFC is enough to perform his past relevant work. *Id.* Fifth, if his RFC is not enough, the ALJ must determine whether there is other work in the national economy the plaintiff can perform. *Id.*

The evaluation continues through each step unless it is determined at any point the plaintiff is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The plaintiff bears the burden of proof at steps one, two, and four, upon which the burden shifts to the Commissioner at step five. *Sykes*, 228 F.3d at 263. Neither party bears the burden at step three. *Id.* at 263 n.2.

## IV.   DISCUSSION

### A.   Summary of the ALJ's Findings

At step one, the ALJ found Plaintiff met the insured status requirements of the SSA and had not engaged in substantial gainful work activity since the application date. Tr. at 16. At steps two and three, the ALJ found Plaintiff's impairments of a gunshot wound with residual low back and left hip pain and anxiety were "severe," but not severe enough to meet, either individually or in combination, any of the impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1. *Id.* at 16-18.

The ALJ concluded Plaintiff had the residual functional capacity ("RFC") to perform the exertional demands of light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b), except that due to anxiety, he is limited to semi-skilled work. *Id.* at 18. To make this conclusion, the ALJ considered all of Plaintiff's symptoms and their consistency with the evidence. *Id.* at 19. Specifically, the ALJ considered Plaintiff's testimony of alleging back and hip pain, and stating that Plaintiff was unable to care for his own personal needs. *Id.* The ALJ took into consideration the treatment records of Dr. Fernando, Dr. Foye, Dr. Apigo, and Dr. Yalkowsky. *Id.* at 19-21. The ALJ concluded that despite Plaintiff's complaints of debilitating pain, the treatment records appear to be mostly benign. *Id.* at 20.

At step four, the ALJ found Plaintiff was capable of performing past relevant work as a sales person in a plumbing supply company. *Id.* at 22.

### B.   Analysis

Plaintiff makes the following arguments in support of his contention that the ALJ's decision should be remanded: (1) the ALJ failed to properly weigh medical opinion evidence, and (2) the ALJ erred in relying upon the VE's testimony. The Court will address each argument in

turn.

### 1.     The ALJ's Evaluation of the Medical Opinion Evidence was Proper

Plaintiff argues the ALJ improperly substituted her own judgment for that of Dr. Foye's,
as Dr. Foye's opinion "is the only credible opinion in the record." *See* Plaintiff's Brief ("Pl. Br."),
ECF No. 10, at 20-26. "In evaluating medical reports, the ALJ is free to choose the medical
opinion of one doctor over that of another." *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 505 (3d
Cir. 2009) (citing *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)). "When a conflict in the
evidence exists, the ALJ may choose whom to credit but cannot reject evidence for no reason or
for the wrong reason.  The ALJ must consider all the evidence and give some reason for
discounting the evidence she rejects." *Plummet v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (internal
citation omitted).  Under the substantial evidence standard of review, the issue is whether sufficient
evidence reasonably supports the ALJ's analysis, not whether the evidence could support a
different finding. *See Logan v. Colvin*, No. 14-4571, 2015 WL 5722391, at *7 (D.N.J. Sept. 29,
2015) (finding "[t]he role of the District Court in reviewing an ALJ's denial of disability benefits
is not to reweigh the evidence presented, but instead to determine whether the ALJ made a decision
supported by substantial evidence").  Plaintiff here appears only to argue the ALJ should have
interpreted the medical evidence differently. Pl. Br. at 21-24.

The Court finds the ALJ's assessment was supported by substantial evidence.  Here, the
ALJ explained that in light of Dr. Foye's benign objective findings, the restrictive functional
assessment Dr. Foye provided was entitled to little weight. Tr. at 21.  The ALJ discussed Dr.
Foye's objective findings in detail, stating:

> Dr. Foye reported normal lumbosacral range of motion despite complaints of pain,
> no tenderness to spine or sacroiliac joints.  Cervical spine had normal range of
> motion.  There was no evidence of muscle atrophy and motor strength in the lower
> extremities were normal . . . except for a slight weakness of toe extension in the left
> leg . . . .  Dr. Foye reported positive straight leg raising on the left but he did not

7

report the degree of limitation. There was no evidence of any frank neurological deficits.

Tr. at 21. The ALJ went on to explain that despite these benign medical findings, Dr. Foye concluded that Plaintiff was not able to stand or walk more than two hours in an eight-hour workday, could not lift more than ten pounds, and could not climb, kneel, crouch, or crawl. *Id.* Further, the ALJ noted Dr. Foye's restrictive assessment was contradicted by the report of Dr. Fernando, who found Plaintiff had full range of motion in the spine, ambulated normally without a cane, and had no restriction of mobility in the lower extremities. *Id.* It appears the ALJ sufficiently considered Dr. Foye's report and her decision to give the opinion little weight is explained by the fact that Dr. Foye's conclusion was not supported by the medical evidence and was contradicted by Dr. Fernando's report. Accordingly, the Court finds the ALJ's evaluation of the medical reports to be supported by substantial evidence.

### 2.    The ALJ Properly Relied upon the VE's Testimony

Plaintiff argues that the VE improperly classified Plaintiff's past relevant work experience, and therefore the ALJ erred in relying on this testimony. Pl. Br. at 26. At step four, an ALJ must determine if a plaintiff has the capacity to perform past relevant work. *See* 20 C.F.R. § 416.920(e). To make this determination, "the ALJ often seeks advisory testimony from a vocational expert. In addition, the ALJ will generally consult the *Dictionary of Occupational Titles* (DOT), a publication of the United States Department of Labor that contains descriptions of the requirements for thousands of jobs that exist in the national economy . . . ." *Burns v. Barnhart*, 312 F.3d 113, 119 (3d Cir. 2002). "An individual retains the capacity to perform her past relevant work when she can perform the functional demands and duties of the job as she actually performed it or as generally required by employers in the national economy." *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 765-66 (3d Cir. 2009).

8

In this case, VE Patricia Sasona reviewed applicable portions of the record. Tr. at 42. The VE identified two positions relevant to Plaintiff's past work experience. *Id.* The VE identified these positions as "sales person, general hardware," a semi-skilled occupation customarily requiring light work, DOT # 279.357-050, and "stock clerk," a semi-skilled occupation customarily requiring heavy work, DOT # 299.367-014. *Id.* The ALJ found Plaintiff was capable of performing past relevant work in "sales, general hardware, plumbing," which requires light, semi-skilled work. *Id.* at 22. Plaintiff argues that the VE misclassified Plaintiff's past work experience as a sales person, and that the correct classification was "stock clerk," a position to which Plaintiff is incapable of returning. Pl. Br. at 26-30.

While Plaintiff testified that he held only one position at All State Plumbing Supply, matching the DOT occupational code for "stock clerk," requiring heavy work, his Work History Report makes clear that he had at least two positions, one of which matched the description provided by VE Sasona for a sales person in general hardware. *See id.* at 42, 247. Plaintiff alleges the ALJ erred because "other than asking what years he worked at All State," she "did not have Mr. Barkley or Ms. Sosana clarify this classification." Pl. Br. at 27. However, it is Plaintiff who "bears the burden" at step four "of demonstrating an inability to return to [his] past relevant work," *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 118 (3d Cir. 2000) (citing *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994)), and despite the fact that Plaintiff was represented by counsel at the hearing, Plaintiff's counsel did not attempt to examine the VE regarding this classification. Tr. at 45. Plaintiff further alleges that the ALJ's decision "relies very heavily on a Work History Report that is too incomplete for accurate decision making." ECF No. 14 at 6.

The Court is cognizant of Plaintiff's burden at step four, and the risk of allowing Plaintiff to rely on his failure to properly complete the Work History Report in his application. However,

the Court finds the ALJ's decision precludes meaningful review as to this issue.  Plaintiff's testimony implied he only had one position, consisting of heavy work.  This testimony was not reconciled by the ALJ either during the hearing or in the decision with the two positions in the Work History Report.  Tr. at 54.  Moreover, the Work History Report for the position upon which the VE appears to rely to classify Plaintiff's past work as a sales position, and to which ALJ cites at step four to conclude Plaintiff's past work consisted of light work is internally inconsistent.  The Report stated that the heaviest weight lifted was twenty pounds, but that the weight that was frequently lifted was twenty-five pounds.  Tr. at 247.

In light of these issues, which are not addressed by the ALJ, the Court finds the ALJ's decision at step five precludes meaningful judicial review.  *See* Social Security Ruling 82-62, 1982 SSR LEXIS 27 (providing that any case requiring consideration of past relevant work must contain sufficient documentation and enough information on past work to permit a decision as to the individual's ability to return to such past work); *Coleman Wynne v. Colvin*, 2015 U.S. Dist. LEXIS 93898, at *18 (E.D. Pa. May 29, 2015).  Upon remand, the "ALJ should fully develop the record and make specific findings as to the physical and mental demands of [Plaintiff's] past relevant work," *Burnett*, 220 F.3d at 125-26 (citing SSR 82-62), and decide based upon a more complete record which DOT occupational code most accurately describes Plaintiff's past relevant work.

## V.   CONCLUSION

For the foregoing reasons, the Court affirms in part and vacates in part the ALJ's decision and remands this case for further administrative proceedings consistent with this Opinion.  An appropriate order accompanies this Opinion.

**DATED**: March 22, 2017

---
**CLAIRE C. CECCHI, U.S.D.J.**

10